## S. W. WALTERS Et. Al. v MOSES PRESTON.

**Land—Vacant—Previous Entry—Inchoate Title—Subsequent Entry Void.**

Where a warrant for vacant and unappropriated land has been granted and an entry made in the surveyor's book describing same, the warrantee has an inchoate title, which is not destroyed by his neglect to carry it into grant, but on the contrary is protected from subsequent entry by statute.

**Same—Legal Title.**

Where a patent is not obtained within the time designated by law, the only legal consequence is that the legal title enures from the date of the patent instead of relating back to the date of the survey.

APPEAL FROM JOHNSON CIRCUIT COURT.

September 27, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

William M. Smithold, having obtained a land office warrant, assigned it to appellee, who caused it to be located and surveyed on 50 acres of land in Johnson county, January 7, 1835, but has never carried it into patent.

Appellants obtained a warrant and had it located and surveyed upon the land in contest August 14, 1861, and patented August 22, 1862. The question is as to these conflicting claims.

Chapter 102 of our Revised Statutes and the various amendatory acts, 2 Stant, Rev. Stat., 430, governs the case.

It authorizes the county court to grant warrants for vacant and unappropriated lands, on payment of such price as they may determine not less than five cents per acre, and then authorize the person obtaining the warrant to have the same entered in the surveyor's book, describing the same, it is also made the surveyor's duty to survey such entries in the order in which they may stand on his book.

Sub-division 8 of section 3 provides that none but vacant lands shall be subject to appropriation, and declares void every entry, survey or patent made or issued so far as it embraces land *previously entered, surveyed or patented.* Appellant had had the land both entered and surveyed, which were of record, and any person desiring to appropriate it had ample means of ascertaining the fact.

As was said by this court in Fleppin v. Hays et. al., 3 Met., 215, appellee had an inchoate title which was not destroyed by his neglect to carry it into grant, but, on the contrary, was protected from subsequent entry by provision declaring after entry, survey or patent void.

If he did not get the patent within the time designated by law the only legal consequence would be his legal title enured to him only from the date of the patent instead of relating back to the date of the survey as he would have had he got it within the time designated by the statute.

The entry, survey and patent of appellants being absolutely

void, so far as conflicting with appelle's survey, there is no valid reason for reversing the judgment, hence it is affirmed.